UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

DAVID VEGLIA,

    Plaintiff,

v.

PFIZER INC,

    Defendant.

CASE NO. 10-10237

## NOTICE OF REMOVAL

TO: THE CLERK OF THE COURT AND PLAINTIFF:

PLEASE TAKE NOTICE that defendant Pfizer Inc (incorrectly denominated in the complaint as "Pfizer Incorporated") ("Defendant") hereby removes the above-captioned action bearing Civil Action No. 2009-2442-A from the Superior Court of the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts.

1. This action is brought by plaintiff for damages allegedly arising from Mr. Veglia's treatment with Viagra®, manufactured by Defendant. Plaintiff seeks compensatory and punitive damages.

2. In the United States District Court for the District of Minnesota there is a multidistrict litigation ("MDL") established by the Judicial Panel on Multidistrict Litigation and assigned to the Honorable Paul A. Magnuson, for the efficient handling of actions alleging vision-related injuries arising from Viagra®. See In re Viagra Prods. Liab. Litig., 414 F. Supp.

2d 1357 (J.P.M.L. 2006). Defendant intends to notify the Judicial Panel that this action is a "tag-along" to MDL #1724.

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between plaintiff and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY JURISDICTION

4. This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action brought in a State Court of which the District Courts of the United States have original jurisdiction. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 in that "the amount in controversy [in this action] exceeds the sum or value of $75,000, exclusive of interests or costs, and [it] is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

**A.    Diversity of Citizenship**

5. According to the Complaint, plaintiff David A. Veglia is a resident of the Commonwealth of Massachusetts. *See* Complaint & 1. Upon information and belief, plaintiff is, and at the time the action was commenced was, a citizen of Massachusetts.

6. Defendant Pfizer Inc. is, and at the time the action was commenced was, a Delaware corporation with its principal place of business in the state of New York.

7. Accordingly, the requisite diversity of citizenship under 28 U.S.C. § 1332 is satisfied because Defendant is a citizen of a state different from that of the plaintiff.

B.  **Amount in Controversy**

8. This is a civil action wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In the Complaint, the plaintiff seeks "compensatory damages in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00)." *See* Ad Damnum Clause, at (D). Plaintiff also seeks additional punitive damages. *See id.* at (E). Thus, the amount in controversy requirement is satisfied here.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

9. On December 18, 2009, plaintiff filed his complaint. On February 4, 2010, plaintiff served Defendant. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed no later than 30 days after service on the Defendant. Copies of all process and pleadings are attached to this Notice of Removal as Exhibit A.

10. The United States District Court for the District of Massachusetts embraces the county in which the state court action is now pending, and thus this Court is a proper venue for this action pursuant to 28 U.S.C. § 101.

11. Defendant is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the Commonwealth of Massachusetts, Essex County, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

PFIZER INC

By its attorneys,

*[signature]*

Matthew A. Holian (BBO No. 668294)
Zachary N. Coseglia (BBO #663687)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6023 (*telephone*)
(617) 406-6123 (*fax*)

Of Counsel:

Lori B. Leskin
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000 (*telephone*)
(212) 836-8689 (*fax*)

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served by overnight delivery upon *pro se* Plaintiff David A. Veglia at 20 Manning Avenue, Middleton, MA, 01949, this 11th day of February 2010.

*[signature]*

Zachary N. Coseglia

EAST\42806775.1
013415-002212

4