# **EXHIBIT A**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2009-2442A

............David A. Veglia............................................................, Plaintiff(s)

v.

............Pfizer Incorporated........................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __David A. Veglia__, plaintiff's ~~attorney~~, whose address is __20 Manning Avenue, Middleton, MA 01949__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at __Salem Superior__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE, Esquire, at Salem, the 28 day of January, in the year of our Lord two thousand ten

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.  SUPERIOR COURT
CIVIL ACTION No. 9-2442

DAVID A. VEGLIA, )
        Plaintiff )
)
v. ) **VERIFIED COMPLAINT**
)
PFIZER INCORPORATED, )
        Defendant )

Plaintiff brings this action pursuant to the Consumer Protection Act, Massachusetts General Laws, Chapter 93A and pursuant to the Declaratory Judgment Act, Massachusetts General Laws, Chapter 231A.

### PARTIES

1. Plaintiff, David A. Veglia, is a United States citizen who currently resides at 20 Manning Avenue, Middleton, Massachusetts 01949, whose regular home address is 544 Park Avenue, Revere, Massachusetts 02151

2. Defendant, Pfizer Incorporated, is a drug manufacturer with offices at 235 East 42nd Street, New York, New York 10017.

### FACTS

3. David A. Veglia ("Veglia") went to his physician, Dr. Gonzales of Broadway Street in Everett, Massachusetts, to be treated for Erectile Dysfunction.

4. Dr. Gonzales prescribed Veglia the drug Viagra to treat his Erectile Dysfunction.

5. Veglia filled the Viagra prescription at Rite Aid Pharmacy on Broadway Street in Everett, Massachusetts.

6. Pfizer Incorporated is the manufacturer of Viagra.

7. After taking Viagra as prescribed for an applied period, Veglia's vision began to take on a bluish blurry tint.

8. Shortly after ingestion, Veglia's vision would collapse into a total blue screen with spots of light appearing and disappearing.

9. Veglia's total blue screen would remain for @ 3-5 hours before any vision would return.

10. Veglia is now afflicted with permanent blurred vision with a blue tinge due to the effects of Viagra.

11. On November 16, 2009, Veglia sent Pfizer Incorporated an MGL Chapter 93A Demand Letter requesting compensation for the permanent effects resulting from taking Viagra as prescribed. (Demand Letter attached as Exhibit A).

12. More than 30 days have elapsed and Pfizer failed to make a reasonable settlement offer to Veglia within the statutory grace period.

**WHEREFORE**, plaintiff prays this Honorable Court to:

A. Declare plaintiff was permanently injured due to the effects of taking defendant's product Viagra as prescribed;

B. Declare defendant knew or should have known that Viagra causes permanent injury to certain users of the product;

C. Declare defendants actions amount to an unfair and/or deceptive business practice in violation of the Consumer Protection Act, MGL Chapter 93A;

D. Grant plaintiff compensatory damages in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00);

E. Grant plaintiff no less than double actual damages and up to treble damages for defendant's failure to make a reasonable settlement offer within the proscribed statutory grace period, or if the Court determines that defendant's actions to be a willful and knowing violation of Chapter 93A;

F. Grant plaintiff costs and attorneys fees.

Respectfully submitted,
By the plaintiff,

_____
David A. Veglia
20 Manning Avenue
Middleton, MA 01949

Dated: December 18, 2009

## VERIFICATION

I, David A. Veglia, verify that the facts alleged in this complaint are true and accurate to the best of my knowledge and are signed under the pains and penalties of perjury.

_____
David A. Veglia

Pfizer, Inc.  
235 E. 42nd Street  
New York, NY 10017

November 16, 2009

RE: **Massachusetts General laws Chapter 93A Demand Letter**

Dear Pfizer:

My physician, Dr. Gonzales of Broadway Street in Everett, Massachusetts, prescribed me the drug Viagra to treat my Erectile Dysfunction. I filled the prescriptions at Rite Aid Pharmacy on Broadway Street in Everett, Massachusetts. After taking Viagra as prescribed for an applied period, everything I was viewing began to take on a bluish blurry tint. Shortly thereafter, my vision would collapse into a total blue screen with spots of light appearing and disappearing. As a result, I am now afflicted with permanent blurred vision with a blue tinge. After some investigation, I learned that Viagra had caused the above-described effects.

I believe it is an unfair and/or deceptive business practice to sell a product that causes ones vision to collapse into a total blue screen resulting in permanent blurred vision with a blue tinge. The Massachusetts Consumer Protection Act, MGL Chapter 93A prohibits unfair and/or deceptive business practices by companies.

I am hereby demanding damages in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00). Pursuant to the statute, you have thirty (30) days to make a reasonable settlement offer before I may file suit in the Superior Court to recover damages. I consider a reasonable settlement offer to be at least $125,000.00 based on my current earning potential and the applicable reduction attributable to your product's permanent effects. If you do not make a reasonable settlement offer within the 30 day statutory grace period, or if the Court finds your actions willful and knowing, you are subject to no less than double damages and up to treble damages.

Very truly yours,

David Veglia  
544 Park Avenue  
Revere, Massachusetts 02151

cc:DV:sdm:file

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 9-2442 | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|
| PLAINTIFF(S) David A. Veglia | | DEFENDANT(S) Pfizer Incorporated |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | | ATTORNEY (if known) |
| Board of Bar Overseers number: | | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | 93A Products Liability | (A) | (✓) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $ 0
2. Total Doctor expenses ... $ 0
3. Total chiropractic expenses ... $ 0
4. Total physical therapy expenses ... $ 0
5. Total other expenses (describe) ... $ 0
   Subtotal $ 0
B. Documented lost wages and compensation to date ... $ 50,000
C. Documented property damages to date ... $ 0
D. Reasonably anticipated future medical and hospital expenses ... $ 12,000
E. Reasonably anticipated lost wages ... $ 125,000
F. Other documented items of damages (describe)
   $ N/A 0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant's product caused permanent injury to the plaintiff's sight.

TOTAL $ 187,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _David Veglia_  DATE: 12-18-09

Commonwealth of Massachusetts
County of Essex
The Superior Court

CIVIL DOCKET # ESCV2009-02442-A
Courtroom CtRm 2 -rear (Salem)

RE: Veglia v Pfizer Incorporated

TO: David A Veglia
20 Manning Avenue
Middleton, MA 01949

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **12/05/2012**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 03/21/2010 | 03/21/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 04/20/2010 | |
| All motions under MRCP 12, 19, and 20 | 04/20/2010 | 05/20/2010 | 06/19/2010 |
| All motions under MRCP 15 | 02/14/2011 | 03/16/2011 | 03/16/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 12/11/2011 | | |
| All motions under MRCP 56 | 01/10/2012 | 02/09/2012 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/08/2012 |
| Case shall be resolved and judgment shall issue by 12/05/2012 | | | 12/05/2012 |

The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 01/27/2010

Thomas H. Driscoll Jr.
Clerk of the Court

Telephone: (978) 744-5500 ext. 414 (Brennan) or 377 (Patten)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic  916075 inidoc01 matuzare



AFTER 5 DAYS RETURN TO
THOMAS H. DRISCOLL, JR. ESQUIRE
CLERK OF COURTS AND MAGISTRATE
ESSEX SUPERIOR COURT
34 FEDERAL STREET
SALEM, MASSACHUSETTS 01970

7001 1940 0000 4206 6846

Pfizer Incorporated
235 East 42nd Street
New York, New York 10017

$ 05.710  JAN 28 2010
MAILED FROM ZIPCODE 01970

RECEIVED
FEB 04 2010
LEGAL DIVISION